**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JAMES SOBUCKI III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| CENTRUM-EAST WEST ARENAS ) | Judge: |
| VENTURE, LLC, d/b/a FOX VALLEY ) | |
| ICE ARENA, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

Plaintiff, JAMES SOBUCKI III ("Sobucki"), by and through his attorney, Joshua M. Feagans of GRIFFIN | WILLIAMS, LLP, hereby complains of and against Defendant, CENTRUM-EAST WEST ARENAS VENTURE, LLC, d/b/a FOX VALLEY ICE ARENA ("Centrum"), as follows:

**Summary of the Case**

1. This civil action is brought by Sobucki who seeks redress for the violations of his rights under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 et seq. ("IMWL").

**Parties**

2. Plaintiff, Sobucki is an individual who resides in Elburn, Illinois.

3. Defendant, Centrum is a limited liability company with a principal place of business located at 225 W. Hubbard Street, Chicago, 4th Floor, Illinois 60654, and as such, is a citizen of the State of Illinois.

1

4. Centrum does business as, operates and manages the Fox Valley Ice Arena ("FVIA"), which is located at 1996 S. Kirk Road, Geneva, Illinois 60134 and comprises of two ice rinks, a sporting goods store, a fitness center, and a pub and grill.

5. Centrum is an "enterprise" as defined by Section 203(r)(1) of the FLSA.

6. Centrum is an enterprise engaged in commerce within the meaning of Section 203(s)(1)(A) of the FLSA.

7. During the last three years, Centrum's annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise taxes.

8. Centrum is Sobucki's "employer" as defined by the FLSA and IMWL.

9. Sobucki is Centrum's "employee" as defined by the FLSA and IMWL.

## Jurisdiction and Venue

10. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331, 1337 and 1367.

11. Venue is proper in this District under 18 U.S.C. § 1391 because a substantial part of the events or omission giving rise to the claim occurred in Geneva, Illinois and because Centrum conducts business in this District.

## Factual Background

12. Sobucki presently is an employee of Centrum and has continuously been employed by Centrum since in or around November 2012.

13. As an employee of Centrum, Sobucki works within FVIA's operations group, directly reporting to FVIA's Operations Manager, Matt Leonard, and Sobucki's principal job duties and responsibilities consist of operating the Zamboni machine to clean the ice on the ice rinks, taking out the trash, cleaning the facility, and on rare occasions, working special events, during which Sobucki works with vendors to set up tables and booths.

14. When Sobucki was first employed by Centrum, he was compensated at $13.00 per hour with the ability to receive overtime compensation.

15. Approximately one year into his employment with Centrum, Sobucki was converted to a salaried employee, after which he was no longer paid overtime compensation, and received a salary of $30,000.

16. In or around 2015, Centrum increased Sobucki's salary to $35,400.

17. In or around January 2018, Centrum increased Sobucki's salary to $37,000.

18. Over the course of Sobucki's employment, Centrum and/or Matt Leonard directed and continues to direct Sobucki to work in excess of 40 hours in individual work weeks, and Sobucki customarily did and continues to work in excess of 40 hours in individual work weeks. Sobucki has not been compensated for all time worked in excess of 40 hours in individual work weeks.

19. Sobucki works approximately 50 to 60 hours during a typical work week at Centrum, but occasionally over the course of his employment, Sobucki has been required to work between 75 to 80 hours per work week, typically for special events and to cover hours when Mr. Leonard takes vacation or any other employee requests time off.

20. Sobucki is not exempt from the overtime provisions of the FLSA and IMWL.

### Count I – FLSA

21. The allegations of Paragraphs 1 through 20 are realleged as though fully set forth herein.

22. Under the FLSA, Sobucki was entitled to be paid compensation for work performed by him in excess of 40 hours per week.

23. Centrum failed to compensate Sobucki for work performed by him in excess of 40 hours per week.

24. Upon information and belief, Centrum's practices with respect to Sobucki were not based on Centrum's review of any policy or publication of the United States Department of Labor and therefore were willful and deliberate.

25. Due to Centrum's violation of the FLSA, Sobucki is entitled to recover from Defendant his unpaid compensation, liquated damages, prejudgment interest, reasonable attorneys' fees, and the costs of this action.

WHEREFORE, JAMES SOBUCKI III respectfully requests that judgment be entered in his favor and against CENTRUM-EAST WEST ARENAS VENTURE, LLC, d/b/a FOX VALLEY ICE ARENA for a sum that will properly, adequately and completely compensate him for the nature, extent and duration of his damages, the costs of this action, and provides as follows:

    a. Declaratory judgment that Defendant willfully violated the overtime provisions of the FLSA;

    b. An award of actual damages in the amount of unpaid overtime wages required by the FLSA;

    c. An award of liquidated damages equal to Plaintiff's unpaid overtime compensation pursuant to the FLSA;

    d. An award of prejudgment interest;

    e. An award of Plaintiff's reasonable attorneys' fees as well as costs of this action; and

    f. Any other relief that this Court deems necessary and proper.

**Count II-IMWL**

26. The allegations of Paragraphs 1 through 25 are realleged as though fully set forth herein.

27. Under the IMWL, Sobucki was entitled to be paid compensation for work performed by him in excess of 40 hours per week.

28. Centrum failed to compensate Sobucki for work performed by him in excess of 40 hours per week.

29. Centrum willfully, knowingly and/or recklessly violated the IMWL which requires overtime compensation to be paid to non-exempt employees.

30. Due to Centrum's violation of the IMWL, Sobucki is entitled to recover from Defendant his unpaid compensation, statutory penalties, reasonable attorneys' fees and the costs of this action.

WHEREFORE, JAMES SOBUCKI III respectfully requests that judgment be entered in his favor and against CENTRUM-EAST WEST ARENAS VENTURE, LLC, d/b/a FOX VALLEY ICE ARENA for a sum that will properly, adequately and completely compensate him for the nature, extent and duration of his damages, the costs of this action, and provides as follows:

    a. Declaratory judgment that Defendant violated the overtime provisions of the IMWL;

    b. An award of actual damages in the amount of unpaid overtime wages;

    c. An award of statutory damages as provided by the IMWL;

    d. An award of Plaintiff's reasonable attorneys' fees as well as costs of this action; and

    e. Any other relief that this Court deems necessary and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Sobucki demands a trial by jury on all issues so triable.

                                        Respectfully Submitted,

                                        JAMES SOBUCKI III,

                                        By:    /s/ Joshua M. Feagans
                                                       Attorney for Plaintiff

Joshua M. Feagans, Esq. / 6286141
Griffin | Williams LLP
21 North Fourth Street
Geneva, IL  60134
Phe:    (630) 524-2563
Fax:    (630) 262-0644
E-Mail:  jfeagans@gwllplaw.com