# SETTLEMENT AGREEMENT AND RELEASE

THIS **SETTLEMENT AGREEMENT AND RELEASE** ("Agreement") is made and entered into as of the 3rd day of November 2021, by and between James Sobucki III ("Sobucki") and Centrum-East West Arenas Venture, LLC d/b/a Fox Valley Ice Rink ("Employer" or "Centrum").

**WHEREAS**, Sobucki is a former employee of the Employer;

**WHEREAS**, Sobucki filed suit against Centrum in the United States District Court for the Northern District of Illinois in a case entitled *James Sobucki III v. Centrum-East West Arenas Venture, LLC d/b/a Fox Valley Ice Rink*, case number 19-cv-02279 seeking alleged overtime wages and damages under the Fair Labor Standards Act and Illinois Minimum Wage Law (hereinafter "Action");

**WHEREAS**, Sobucki and the Employer each desire fully and finally to resolve the Claims that were or could have been brought in the Action and all other disputes between them (hereinafter collectively referred to as "Claims"), without resort to further litigation and without any admission of liability; and

**WHEREAS**, Sobucki and the Employer have reviewed this Agreement and fully understand its effects and consequences, and acknowledge that this Agreement will resolve all of Sobucki's Claims raised in the Action and all that are related to his former employment with Centrum, and result in their withdrawal and complete release, as of the date provided in this Agreement.

**NOW, THEREFORE**, in consideration of the mutual promises made herein and the exchange of valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1. **DISMISSAL OF ACTION**. Within five business days of the completion of the settlement terms described in Section 2 below, Sobucki shall seek approval of the terms of this Agreement from the Court. At that time, the parties will also represent to the Court that all matters between them are concluded that this action can be dismissed with prejudice.

2. **CONSIDERATION FOR WITHDRAWAL AND RELEASE.**

    2.1 **Settlement Amount**: As consideration for Sobucki's dismissal of the Action and withdrawal and release of all Claims against the Employer as well as his acceptance of the terms of this Agreement, Sobucki and the Employer have agreed to settle this matter for a total gross sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00), hereinafter "Settlement Amount."

    2.2 **Payment of Settlement Amount**: The Settlement Amount will be paid as follows:

    a. $7,956.00 (gross) shall be paid in a payroll check made payable to James Sobucki III. This amount is considered overtime wages that Plaintiff contended were due to him had he been found to be non-exempt and worked two additional hours per week as overtime hours .All legal deductions for employment taxes shall be taken from it. Sobucki shall be paid the net sum of this amount. This sum represents a compromise of the overtime that Sobucki sought under the Fair

Labor Standards Act and Illinois Minimum Wage Law. The Employer will issue IRS Forms W-2 to Sobucki reflecting this payment by the end of January 2022 for tax year 2021.

  b. $8,160.00 (gross) shall be paid in a payroll check made payable to James Sobuki III. This amount is considered back wages for the three months following his separation of employment until he was reemployed at another employer. All legal deductions for employment taxes shall be taken from it and Sobucki shall be paid the net amount of this sum. This sum represents a compromise of the alleged backpay that Sobucki sought in his claim of retaliation brought under the Fair Labor Standards Act and Illinois Minimum Wage Law. The Employer will issue an IRS Form W-2 to Sobucki reflecting this payment by the end of January 2022 for tax year 2021.

  c. $45,501.07 shall be paid in a check made payable to James Sobuki III. This amount represents a compromise of the non-wage compensatory, punitive and statutory liquidated damages Sobucki sought under the Fair Labor Standards Act and Illinois Minimum Wage Law. law. Centrum shall issue a Form 1099 by the end of January 2022 reflecting this sum. Sobucki shall be responsible for the payment of taxes on this sum, if he and/or his accountant or tax preparer deem that taxes are due. Sobucki further acknowledges that he has not relied on any statements or representations by Centrum or its attorneys with respect to the tax treatment of the Settlement Amount. Sobucki shall provide an executed W-9 to counsel for Centrum in order to effectuate payment of this sum.

  d. $38,382.93 shall be paid to Griffin, Williams, McMahon & Walsh as full and complete payment of all attorney's fees and costs Sobucki has incurred in pursuing this Action against Centrum. Centrum shall issue a Form 1099 to Griffin, Williams, McMahon & Walsh by the end of January 2022 reflecting this sum. Sobucki shall not be entitled to any other attorneys' fees or costs from Centrum except for those set forth in this subparagraph. Griffin, Williams, McMahon & Walsh shall provide an executed W-9 to counsel for Centrum in order to effectuate payment of this sum. The parties agree that this is a negotiated settlement and that neither party is considered a "prevailing party" for purposes of this Action.

  2.3 **Delivery of Settlement Amount**:  The Settlement Amount shall be paid in the four checks as described in 2.2 above. The checks shall be sent to Sobucki's attorneys at the address found below via overnight mail for which signature will be required unless otherwise agreed by the parties, and only if the Settlement Agreement has been executed by Sobucki. Payment shall be made within thirty days of the submittal of a signed Agreement to counsel for Centrum and the provision of the two W-9s identified above .

  2.4 **No Tax Advice Provided:**  Sobucki acknowledges that he has not relied on any statements or representations by Employer or its attorneys with respect to the tax treatment of any part of the Settlement Amount. Sobucki further acknowledges that he will be solely responsible for payment of income taxes in connection with the payment he receives under this section, if any.

  2.5 **Mailing Address**:  Sobucki shall promptly notify Employer of a change in address, if any should occur prior to the terms of this Agreement being fulfilled, including the issuance of tax documents such as a W-2. Sobucki states that his present address is P.O. Box 472394, Aurora, CO 80046. Any change of address must be provided to Craig Welker at 1996 S. Kirk Road, Geneva, Il 60134.

3. **EXECUTION & DELIVERY OF AGREEMENT & STIPULATION:** Sobucki shall execute and deliver this agreement and draft Motion to Approve Settlement Agreement and

Stipulation to Dismiss with Prejudice to Centrum's counsel as soon as practical following his review of this Agreement. Centrum shall also sign this Agreement and will do so within five business days after presentment of a signed Agreement from Sobucki. Sobucki will then file a motion seeking approval of the Agreement and a Stipulation to Dismiss within five business days of his counsel's receipt of the executed Agreement from Centrum. This Agreement may be signed in counterparts, each of which shall be deemed an original, but all of which, taken together shall constitute the same instrument. A signature made on a faxed or electronically mailed copy of the Agreement or a signature transmitted by facsimile or electronic mail will have the same effect as the original signature. Executed Agreements shall be delivered to the following addresses:

| | |
|---|---|
| Linda K. Horras | Patrick Walsh, Esq. |
| Hinshaw & Culbertson LLP | Scott Drumheller |
| 151 N. Franklin Street, #2500 | Griffin, Williams, McMahon & Walsh |
| Chicago, IL 60606 | 21 N. Fourth Street |
| Fax: (312) 704-3001 | Geneva, IL 60134 |
| lhorras@hinshawlaw.com | pwalsh@gwmwlaw.com |

4. **DENIAL OF LIABILITY**. The Employer is under no obligation to make the payments and take the other actions described in Section 2 above, and is taking these actions to resolve Sobucki's Action and all other disputes between the parties and to provide consideration for his full and complete release of all Claims that were or could have been brought in the Action. The Employer denies that it is indebted or liable to Sobucki in any way, and the concessions made herein were given solely to avoid further cost and expense of defending Sobucki's Claims.

5. **NO REINSTATEMENT OR REHIRE.** Sobucki shall not seek, and shall not be entitled to, reinstatement or re-employment at Centrum (or any other ice rink Centrum operates at any time in the future) at any time in the future. Centrum shall have no obligation to reemploy him in any capacity and Sobucki shall not have any further claims against Centrum for not reinstating or rehiring him. It is the intent of the parties that they shall have no further employment relationship at any time hereinafter.

6. **WAIVER AND RELEASE OF ALL CLAIMS**.

6.1 For and in consideration of the monies exchanged herein and the mutual promises of the parties, Sobucki does hereby remise, release and forever discharge Centrum-East West Arenas d/b/a Fox Valley Ice Arena, its current and former officers, members, agents, employees, insurers, attorneys, related corporations (including Fairview Facilities Management, LLC) and/or Centrum's successors (hereinafter referred to collectively as "Released Parties") from all actions, causes of action, claims and demands whatsoever, whether or not well founded in fact or in law, and from all suits, debts, sums of money, accounts and reckonings, covenants, contracts, controversies, agreements, promises or judgments whatsoever, whether in law or in equity, that Sobucki ever had, now has or that his executors or assigns hereafter may have against Released Parties, or by reason of any matter, cause or thing whatsoever up to and including the date of this Agreement, including, but not limited, those Claims made or could have been made in his Action; and any and all claims and demands whatsoever arising out of or in connection with Sobucki's employment at Centrum, his terms and conditions of employment, his job classification, separation of employment, and wages, including without limitation, claims for violation of civil rights arising under any state, federal or local statute that include but are not limited to the Americans with Disabilities Act (42 U.S.C. §12101 *et seq.*), Title VII of the Civil Rights Act of 1964 (Title VII),

42 U.S.C. §1981 and 1981(a), the Age Discrimination in Employment Act, and the Illinois Human Rights Act; other acts of employment discrimination, harassment and/or retaliation; failure to accommodate; claims for wages or other damages; recovery of attorneys' fees or costs; retaliatory discharge, breach of contract, promissory estoppel, defamation, invasion of privacy, interference with contractual or advantageous economic relations, fraud or misrepresentation, or the common law or other laws, statutes, ordinances or other regulations of the United States, the State of Illinois, or any state, county, city, town, village or municipality. It is the intent of the parties that this Agreement shall resolve all Claims pending between the parties and Released Parties with no matters left unresolved.

6.2     The parties recognize that Sobucki raised claims under the Fair Labor Standards Act "FLSA" (29 U.S.C. Sect. 201 *et seq.*). Specifically, Sobucki claims that Centrum improperly classified him as exempt and therefore did not pay him overtime compensation and that Centrum retaliated against him when it terminated his employment. The parties have obtained the approval of the court to settle this Action. Should the court fail to approve of the terms of this Agreement, the terms of the Agreement shall be null and void and Centrum shall not be obligated to make any of the payments set forth in Section 2.0.

6.3     Should any governmental agency seek relief on Sobucki's behalf under any statute or ordinance, Sobucki acknowledges here that he is waiving all rights to recover money or other individual relief in connection with any charge or claim, whether filed by himself, an agency, or anyone else. Sobucki warrants and represents that he has no knowledge of any facts that would support any other claim by him under the Fair Labor Standards Act, Illinois wage laws, or any municipal ordinances, and that through the settlement of this Action, he has been paid all earned wages, overtime compensation, and benefits (including leaves of absences) from the Employer up to the date of this Agreement.

6.4     Sobucki agrees that this is a complete and final settlement and specifically affirms his intention to release not only those claims against the Released Parties about which he knows, but also those claims about which he does not know. Sobucki also stipulates that the consideration provided pursuant to this Agreement, including that described in Section 2 above, is in full and complete satisfaction of any Claims related to or arising out of his employment with Employer, up to the date he signs this Agreement.

6.5     As a result of Sobucki's Claims against the Employer, Medicare and/or Medicare may have expended certain sums of money on Sobucki's behalf and may hold an interest or claim to recovery, reimbursement, repayment, subrogation, and/or damages given those payments. Sobucki has not expressed any present or future intention to allocate any of the settlement funds paid to him by Employer for consideration or reimbursement of any Medicare/Medicaid interests or payments arising out of his Claims. Sobucki warrants that all payments due and owing by him to Medicare/Medicaid are and will be his sole and exclusive responsibility. This applies specifically to claims for reimbursement and/or damages under 42 USC 1395y(b)(2), *et seq*. and CFR 411.20 et seq., concerning both past and future payments by Medicare as secondary payer arising out of Sobucki's Claims.

If any such action or proceeding is taken against Employer, then Sobucki must cooperate with Employer in the action. In the event the action or proceeding is successful against Employer due to Sobucki's failure to cooperate, then Employer may recover against Sobucki. Further,

Sobucki waives any right to private cause of action against Employer for damages, enforcement, payment, or reimbursement under 42 USC 1395y(b)(3)(A) arising out of Sobucki's Claims.

7. **OPPORTUNITY TO CONSIDER AND CONSULT COUNSEL**. Sobucki acknowledges and agrees that he has been provided a reasonable time period to consider the terms of this Agreement prior to his execution of it. He further acknowledges and agrees that he has been represented during the litigation of his Action Claims, including during the settlement negotiations that lead to this Agreement.

9. **ASSIGNMENT AND WAIVER**. No amendment or modification of this Agreement shall be valid or binding upon the parties unless made in writing and signed by both parties. The waiver by the Employer or Sobucki of the breach of any provision of this Agreement by other party shall not operate or be construed as a waiver of any subsequent breach.

10. **ENTIRE AGREEMENT**. This Agreement contains all of the terms agreed upon by the parties with respect to the subject matter hereof and supersedes all prior agreements, arrangements and communications between the parties dealing with such subject matter, whether oral or written.

11. **BINDING EFFECT**. This Agreement shall be binding upon and shall inure to the benefit of the heirs, executors and legal representatives of Sobucki, and the transferees, successors and assigns of the Employer.

12. **SEVERABILITY**. This Agreement is specifically conditioned on the approval of the United States District Court for the Northern District of Illinois Judge presiding over this matter. Should the Judge refuse to approve this Agreement, the entire Agreement is null and void. Nothing in this Agreement shall be used by either party as evidence of wrongdoing..

13. **HEADINGS**. The section headings contained in this Agreement are for convenience of reference only, are not intended to be a part of this Agreement and shall not be construed to define, modify, alter or describe the scope or intent of any of the terms, covenants or conditions of this Agreement.

14. **VENUE AND CHOICE OF LAW.** Should either party be required to bring an action to enforce this Agreement, it shall be brought in the state or federal courts located in the State of Illinois and Illinois law shall govern the enforcement of this Agreement.

**IN WITNESS WHEREOF**, the parties have executed this six-page Agreement as of the day and year set forth below.

**JAMES SOBUCKI III**

_____

**DATE: November _____, 2021**

**CENTRUM-EAST WEST ARENAS VENTURES, LLC**

Sobucki v Centrum

**By:**_____

_____**(title)**

**DATE: November _____, 2021**

Griffin, Williams, McMahon & Walsh

**By:**_____

_____**(title)**

**DATE: November _____, 2021**

1019501\309610389.V1